UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY STANLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| GALLATIN COUNTRY CLUB, | ) |
| Defendant. | ) **JURY DEMAND** |

## COMPLAINT

Plaintiff, Kimberly Stanley, through her undersigned attorneys, states as follows:

## INTRODUCTION

1. This civil action seeks damages for age and disability discrimination suffered by Kimberly Stanley, who served as the kitchen manager of Defendant Gallatin Country Club until she was replaced by a young man after taking a brief sick leave.

## PARTIES

2. Plaintiff Kimberly Stanley ("Plaintiff" or "Ms. Stanley") is an adult citizen and resident of Gallatin, Tennessee.

3. Defendant Gallatin Country Club ("Defendant" or the "Country Club") is a Tennessee corporation headquartered in Gallatin, Tennessee.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has subject matter jurisdiction over actions which arise from the Defendant's violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they entail the same conduct as Plaintiff's federal discrimination claims.

6. This Court has personal jurisdiction over the Defendant, as the Defendant is a domestic Tennessee corporation with its headquarters in this state.

7. Venue in the Middle District of Tennessee is proper under 28 U.S.C. § 139l(b) because a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Tennessee.

8. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 29 U.S.C. § 626 and Tenn. Code Ann. § 4-21-302, to wit: a charge of discrimination was timely filed with the Equal Employment Opportunity Commission ("EEOC"); on April 25, 2025, the EEOC issued Plaintiff a Notice of Right to Sue. This action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## JURY DEMAND

9. Ms. Stanley requests a jury trial on the issues and claims set forth in this Complaint.

## FACTS

10. Ms. Stanley was recruited by the Country Club in 2019 to serve as its kitchen manager at $15.00 per hour.

11. When she was hired, Ms. Stanley was 49 years-old.

12. As the Country Club's kitchen manager, Ms. Stanley also served as the head chef of its restaurant and for all catered events.

13. Ms. Stanley was also responsible for handling all orders to make sure that the Country Club had adequate food and supplies to stock its restaurant and handle all catering and special club events.

14. Ms. Stanley was also responsible for scheduling additional cooks and other kitchen and catering staff to ensure the Country Club could operate effectively.

15. The Country Club is ostensibly a private membership club, offering typical country club amenities such as a golf course, swimming pool, and restaurant to its private members.

16. The Country Club also rents out its restaurant to non-members for events, such as weddings, birthday parties, family gatherings, class reunions, and baby showers.

17. The Country Club also advertises on its website that its restaurant is "open to the public" on Saturday mornings.

18. The Country Club's staffing levels vary seasonally, with more employees needed to staff the pool and golf course in the summer than to maintain operations in the winter.

19. On information and belief, the Country Club employed more than twenty individuals through twenty or more calendar weeks per year.

20. As the Country Club's kitchen manager and primary chef, Ms. Stanley typically worked significant overtime, typically 80 hours per week.

21. For the first year, Ms. Stanley was not paid overtime.

22. Ms. Stanley successfully managed her duties and intense work schedule for more than four and a half years, without any issues, disciplinary issues, or complaints ever raised by the Country Club's management, and her rate of pay had increased to $17.00 per hour.

23. In January 2024, Ms. Stanley was diagnosed with gangrene and Raynaud's syndrome and discussed with the Country Club's management that she would likely need to take some time off for treatment.

24. On March 12, 2024, Ms. Stanley's physician instructed her to take off of work for an arteriogram. She was provided a letter to return to work without restriction on March 18, 2024.

25. Ms. Stanley promptly informed the Country Club of her doctor's order and provided a doctor's note.

26. Ms. Stanley made sure that there was adequate staff coverage to maintain the Country Club's cooking and catering needs.

27. Ms. Stanley returned to work without any restrictions on March 18, 2024.

28. Ms. Stanley then suffered from an aneurysm on March 24, 2024.

29. Ms. Stanley's doctor recommended that she remain off duty until April 15, 2024, at which time she was authorized by her doctor to return to work without any restrictions.

30. Ms. Stanley provided the Country Club with a doctor's note laying out this instruction.

31. Ms. Stanley again made sure the kitchen and was adequately staffed during her convalescence. Ms. Stanley's sister, who served as a part-time cook at the Country Club, covered Ms. Stanley's shifts, and Ms. Stanley stayed in constant contact with the Country Club's bartenders and servers.

32. Ms. Stanley also handled maintaining the ordering and inventories from the hospital with the assistance of her sister.

33. Despite the fact Ms. Stanley continued to fulfill her job duties and was expected to make a full recovery, the Country Club's Board of Directors decided to hire a new kitchen manager, Nick Lindemyer, to replace Ms. Stanley.

34. Ms. Stanley was 53 years-old at this time, and Mr. Lindemyer was significantly younger, on information and belief, in his early twenties.

35. Ms. Stanley was informed of the Country Club's decision while on her brief medical leave and promised that she still had a part-time position as a cook.

36. Ms. Stanley began to experience extreme anxiety about her ability to earn her livelihood with her shifts reduced.

37. Ms. Stanley began seeing a psychotherapist for depression and anxiety over the Country Club's decision to replace her with Mr. Lindemyer.

38. Ms. Stanley attempted to return to work on April 16, 2024, but she was informed Mr. Lindemyer did not have any shifts available for her to work that week.

39. The following week, Ms. Stanley was scheduled around 15 hours.

40. Knowing that she could not afford to live earning $17.00 per hour for fifteen hours per week, Ms. Stanley provided her two weeks' notice to the Country Club on April 28, 2024.

41. Ms. Stanley found a job cooking for another golf course on April 25, 2024, where she began working full-time on May 22, 2024.

42. The departure of Ms. Stanley from the Country Club's employ was therefore both involuntary and due to unlawful discrimination.

43. Ms. Stanley has a right to a workplace that respects her does not discriminate against employees based on age and attempts to accommodate their reasonable medical needs.

## CAUSES OF ACTION

### COUNT I

(*Employment Discrimination under the ADA*, 42 U.S.C. § 12101, *et seq.*)

44. Ms. Stanley incorporates the allegations of the preceding paragraphs as if fully set forth herein.

45. The Country Club's acts and omissions in this matter discriminated against Ms. Stanley because of her disability status in violation of the Americans with Disabilities Act of 1990.

46. Specifically, Ms. Stanley is a "qualified individual" under the ADA, as an individual who, with a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

47. The Country Club is a "covered entity" as defined by 42 U.S.C. § 12111(2).

48. Ms. Stanley's request to return to work on April 16, 2024, constituted a reasonable accommodation that would not create an undue hardship on the Country Club.

49. Rather than reasonably accommodate Ms. Stanley's disability, the Country Club replaced her as kitchen manager and gave her a position as a part-time cook.

50. The Country Club therefore discriminated against Ms. Stanley in violation of the ADA, 42 U.S.C. § 12112, by terminating Ms. Stanley as the kitchen manager rather than making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

## COUNT II

*(Age Discrimination under the ADEA, 29 U.S.C. § 621, et seq.)*

51. Ms. Stanley incorporates the allegations of the preceding paragraphs as if fully set forth herein.

52. Ms. Stanley is a person covered by 29 U.S.C. § 621, *et seq.*

53. The Country Club is an employer pursuant to 29 U.S.C. § 621, *et seq.*

54. The Country Club's acts and omissions in this matter discriminated against Ms. Stanley because of her age in violation of the Age Discrimination in Employment Act of 1967.

55. Specifically, it is unlawful to discharge Ms. Stanley because of her age.

56. On information and belief, Ms. Stanley's age of 53 years old was a primary motivation in the decision of the Country Club to terminate her employment and offer her position to the much younger Nick Lindemyer.

57. The Country Club therefore discriminated against Ms. Stanley in violation of the ADEA, 29 U.S.C. § 623, by discharging Ms. Stanley from her job as kitchen manager because of her age.

## COUNT III

*(Age Discrimination under the Tennessee Human Rights Act,*
Tenn. Code Ann. § 4-21-401*, et seq.*)

58. Ms. Stanley incorporates the allegations of the preceding paragraphs as if fully set forth herein.

59. Ms. Stanley is a member of the protected class of persons forty years of age or older.

60. Ms. Stanley's work performance satisfied the Country Club's reasonable expectations.

61. Ms. Stanley was actually terminated from her position as kitchen manager when the Country Club hired Nick Lindemyer to replace her in that role.

62. Ms. Stanley was constructively terminated by the Country Club when it reduced her hours to an extent she could no longer earn her livelihood working at the Country Club, forcing her to seek full-time employment elsewhere.

63. The Country Club's leadership initially gave Ms. Stanley various and inconsistent reasons for her termination.

64. The Country Club's President finally admitted to Ms. Stanley that they had hired Nick Lindemyer to replace her as kitchen manager because he was younger than Ms. Stanley.

65. The Country Club offered Ms. Stanley unspecified part-time work going forward, but Ms. Stanley could not afford to make ends meet without full-time employment.

66. On information and belief, Ms. Stanley's age of 53 years old was a primary motivation in the decision of the Country Club to terminate her employment and offer her position to the much younger Nick Lindemyer.

67. The Country Club therefore discriminated against Ms. Stanley in violation of the Tennessee Human Rights Act, by discharging Ms. Stanley from her job as kitchen manager because of her age.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kimberly Stanley respectfully requests that this Court:

(a) Issue a declaratory judgment that determines that the Defendant Gallatin Country Club at the commencement of the subject lawsuit is in violation of the

ADA, 42 U.S.C. § 12101, *et seq.*, the ADEA, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401*, et seq.;*

(b) An award of back pay to compensate Ms. Stanley for lost wages, tips, merit increases and/or promotions and interest;

(c) An award of front pay for reduced earnings in her new position;

(d) Liquidated damages for willful violations of the ADEA;

(e) Emotional distress damages pursuant to the Tennessee Human Rights Act;

(f) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C.§ 12205, 29 U.S.C. § 794a, and the Tennessee Human Rights Act; and

(g) Such other relief as the Court deems just and proper, and/or is allowable under the ADA, 42 U.S.C. § 12101, *et seq.*, the ADEA, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401*, et seq.*

Respectfully Submitted,

*/s/ Seamus T. Kelly*
Seamus T. Kelly (TN BPR# 032202)
David J. Goldman (TN BPR# 035151)
Deji Adeniyi (TN BPR# 042551)
MUSIC CITY LAW, PLLC
1033 Demonbreun St., Suite 300
Nashville, TN 37203
(615) 200-0682
david@musiccityfirm.com
seamus@musiccityfirm.com
deji@musiccityfirm.com

*Counsel for Kimberly Stanley*